NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JANNET SOLIS; MICHAEL ORTEGA,

        Plaintiffs - Appellants,

  v.

T-MOBILE US, INC.;
UNITEDHEALTHCARE INSURANCE
COMPANY,

        Defendants - Appellees.

No. 24-2412

D.C. No.
2:23-cv-04024-SVW-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 15, 2025[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and R. NELSON and SUNG, Circuit Judges.

The central questions in this ERISA appeal are whether UnitedHealthcare

Insurance Company ("United") improperly denied Plaintiffs' medical claims for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

hiatal hernia repairs that Medical Providers[1] conducted during the same surgical session as gastric sleeve procedures and whether United's explanations for the denials of the claims gave Plaintiffs sufficient notice under the statute.[2] An ERISA plan administrator denying a claim has a duty to explain "specific reasons for such denial," 29 U.S.C. § 1133(1), and to cite "specific plan provisions" on which the denial is based, 29 C.F.R. § 2560.503–1(g)(i), so that claimants may perfect their claims. *Harlick v. Blue Shield of California*, 686 F.3d 699, 719 (9th Cir. 2012). The district court here found United's explanations deficient under ERISA but nonetheless determined that United did not abuse its discretion in denying the claims and entered judgment for Defendants. Although the district court identified the correct standard of review, it committed legal error by not allowing for augmentation of the administrative record despite finding United's initial claims denial explanations deficient under ERISA. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973–74 (9th Cir. 2006) (en banc).

"We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Id.* at 962. "We review for

---

[1] The Medical Providers, Dr. Feizbakhsh and Dr. Rim of Advanced Weight Loss Surgical Associates, were parties to the district court litigation but did not join Plaintiffs on appeal.

[2] We assume the parties' familiarity with the background of this case and only discuss the facts vital for the explanation of our disposition.

clear error the underlying findings of fact." *Id.* We review de novo the district court's interpretation of ERISA. *Wit v. United Behavioral Health*, 79 F.4th 1068, 1083 (9th Cir. 2023) (citation omitted).

**1.** The district court correctly found that it had to review United's claims denial for abuse of discretion because United's plan agreement grants United full discretionary authority to adjudicate claims. *Abatie*, 458 F.3d at 963. The district court also correctly identified the need to temper the abuse of discretion standard "commensurate with the" procedural irregularities it identified in United's claim administration process. *Id.* at 959. "A procedural irregularity, like a conflict of interest, is a matter to be weighted in deciding whether an administrator's decision was an abuse of discretion." *Id.* at 972 (citation omitted). The district court determined post-trial that "[e]ven after voluminous briefing, United [] failed to identify a particular provision of its reimbursement policy which incorporate[d] [the] particular guideline from the NCCI [(National Correct Coding Initiative)] Manual" that United argued, for the first time during litigation, provided the basis for its initial denial of Plaintiffs' hiatal hernia repair reimbursement claims. *Solis v. T-Mobile USA, Inc.*, No. 2:23-CV-04024-SVW-PD, 2024 WL 1117897, at *14 (C.D. Cal. Mar. 14, 2024). This explanatory deficiency, the district court correctly concluded, amounted to a procedural irregularity. *Id.* at *13–15 (citing *Booton v. Lockheed Medical Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997)).

A review of the record underscores the district court's conclusion that United's claims denial was insufficient under ERISA. United did not cite any specific plan provisions nor provide a specific explanation to allow Plaintiffs to adequately perfect their claims. *Harlick*, 686 F.3d at 719–20.[3] Through counsel during litigation, United advanced a variety of additional explanations in support of its administrative review decision, including the Medical Providers' use of the figure-of-eight suture, the hernia repairs occurring at the same incision site as the gastric sleeve procedures, and the two procedures occurring during the same surgical session. Although these rationales may all find some support in the NCCI Manual, Defendants notably did not present them to Plaintiffs during the administrative review process. "[A] court will not allow an ERISA plan administrator to assert a reason for denial of benefits that it had not given during the administrative process." *Harlick*, 686 F.3d at 719–20.

---

[3] United's initial denial only stated:

> Not supported. The submitted medical records indicate that a gastric sleeve procedure was performed which may be better represented with a more appropriate Current Procedural Terminology (CPT) code. In addition, this procedure code 43281 may be considered included in the appropriately billed code and cannot be separately reimbursed. Therefore, the validity and accuracy of the claim cannot be verified.

United's administrative appeal denial repeated this exact language and only included one additional sentence, which stated: "Rationale: Current Procedural Terminology (CPT) Code 43281 remains not supported."

Defendants argue that Plaintiffs demonstrated an understanding of United's denial justifications through the documents Medical Providers submitted during the administrative appeal. But despite Plaintiffs' attempts to respond to United's claims denials in their administrative appeals, Plaintiffs could not address specific concerns because United's denials were deficient. United's denials were conclusory, twice using non-committal phrases such as "may be" without any further explanation. United's explanatory deficiencies during the administrative process failed to provide meaningful engagement and denied Plaintiffs the opportunity to address the specific bases for United's denials. This violated ERISA's requirements. *Id.* By contrast, if, for example, United's denial of the appeal had specified that the administrator determined the hernia repair was incidental to the gastric sleeve procedure because there was only a single incision point, then Plaintiffs could have responded by providing additional evidence of different incision points. But United, by failing to provide such specificity, denied claimants the opportunity to adequately respond during the administrative claims process. *Id.*

**2.** Upon identifying United's procedural irregularities, the district court erroneously proceeded to apply a three-factor test for determining when an ERISA plan administrator abuses its discretion. This three-factor test has been called into question by *Abatie*'s "more comprehensive approach to ERISA cases." 458 F.3d at 959. "[W]hen an administrator has engaged in a procedural irregularity that has

affected the administrative review, the district court should reconsider the denial of benefits after the plan participant has been given the opportunity to submit additional evidence." *Id.* at 973 (cleaned up). The district court erroneously concluded that United's procedural violations amounted to harmless error that did not affect the administrative review.

The district court found that United had engaged in procedural irregularities and that its explanations "f[e]ll short" but denied Plaintiffs' request to submit supplemental evidence after the bench trial.[4] The declarations contained direct responses to United's claims denial explanations advanced during litigation. These declarations provided the sort of extra-record material *Abatie* holds the district court should have considered to remedy procedural irregularities and "in essence, recreate what the administrative record would have been had [United's] procedure been correct." 458 F.3d at 973. The district court asked during the conclusion of the bench trial for post-trial briefing in part because United's explanations for denial remained unclear. The fact that United's basis for denial was still not clear to the district court at the end of the bench trial further supports the conclusion that Plaintiffs had not received adequate notice of United's denial explanations.

**3.** Plaintiffs' request for an award of judgment is not supported by the record

---

[4] Plaintiffs also sought to supplement the record pre-trial through a limited deposition, which was denied by the magistrate judge.

considered by the district court. *See Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 907 (9th Cir. 2016). And after the record augmentation required by *Abatie*, it is possible that United may produce sufficient evidence in response to Plaintiffs' evidence to show that the denials were not an abuse of discretion. But further factfinding is necessary before the district court can decide. *Abatie*, 458 F.3d at 974. The district court, in its discretion on remand, can retry the case after proper augmentation of the administrative record[5], *id.*, or alternatively, the district court may remand the case back to the United plan administrator to reevaluate the merits of Plaintiffs' claims, *Demer*, 835 F.3d at 907-8.

    **VACATED and REMANDED.**

---

[5] While the district court's consideration of Plaintiffs' two post-trial supplemental declarations may constitute sufficient augmentation of the administrative record to comply with *Abatie*, we leave to the sound discretion of the district court how to conduct the proper augmentation of the administrative record and the factfinding procedures necessary to accomplish that exercise.